**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 00-11235**
_____

**JEROME LYONS,**

**Plaintiff-Appellant,**

**VERSUS**

**LAMB COUNTY, ET AL.,**

**Defendants,**

**LAMB COUNTY; JERRY COLLINS; LINDA LIGHTFOOT,**
**Individually and in her Official Capacity,**

**Defendants-Appellees.**

_____

**No. 00-11247**
_____

**JEROME LYONS,**

**Plaintiff-Appellee,**

**VERSUS**

**LAMB COUNTY, ET AL.,**

**Defendants,**

**PANDY ALEMAN, Individually and in her Official Capacity,**

**Defendant-Appellant.**

---

Appeals from the United States District Court
for the Northern District of Texas

(5:99-CV-320-C)

---

October 2, 2001

Before JONES, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

These consolidated cases involve a civil suit against Sheriff
Jerry Collins, Jail Administrator Linda Lightfoot, Jailer Pandy
Aleman, and Lamb County, Texas, which was initiated by inmate
Jerome Lyons alleging violations of his constitutional rights
pursuant to 42 U.S.C. § 1983. The district court granted motions
for summary judgment on behalf of Lamb County and Sheriff Collins,
in his official capacity, finding no genuine issues of material
fact on any theory of municipal liability. The district court also
granted a motion for summary judgment on behalf of Linda Lightfoot,
in her individual and official capacities based on qualified
immunity. As a result, the district court issued a final judgment
as to all claims alleged against Sheriff Collins, Linda Lightfoot,
and Lamb County. However, the district court denied Pandy Aleman's

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

motion for summary judgment. The district court found that there was a genuine issue of material fact regarding Pandy Aleman's conduct immediately after she witnessed Jerome Lyons and Eddie Rowton naked in their cell.

Jerome Lyons appeals the district court's grant of summary judgment in favor of Sheriff Collins, Linda Lightfoot, and Lamb County. Pandy Aleman appeals the district court's denial of her motion for summary judgment. We review a grant of summary judgment *de novo*, applying the same standards as the district court, while viewing all disputed facts and reasonable inferences "in the light most favorable to the nonmoving party." ***Duffy v. Leading Edge Prods.***, 44 F.3d 308, 312 (5th Cir.1995). Summary judgment is appropriate only where "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). To survive summary judgment, the nonmoving party must do more than simply allege a material issue of fact. ***Celotex Corp. v. Catrett***, 477 U.S. 316, 324 (1986). The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." ***Id.*** (citing FED. R. CIV. P. 56(e)).

We have carefully considered Jerome Lyons' claims against Lamb County, Sheriff Collins, and Linda Lightfoot in light of the entire record, the parties' respective briefing on the issue in this

appeal, and the required standard of review.  We are persuaded that there are no genuine issues of material fact in those claims.  We therefore AFFIRM the district court's denial of relief to Jerome Lyons for the same reasons given by the court in its orders granting summary judgment to Sheriff Collins, Linda Lightfoot, and Lamb County, Texas.

In turning our attention to Pandy Aleman's appeal, we must note it is well established that "[d]istrict court orders denying summary judgment on the basis of qualified immunity are immediately appealable under the collateral order doctrine, notwithstanding their interlocutory character, when based on a conclusion of law." **Lukan v. North Forest Indep. Sch. Dist.**, 183 F.3d 342, 345 (5th Cir. 1999) (quoting **Coleman v. Houston Indep. Sch. Dist.**, 113 F.3d 528, 531 (5th Cir. 1997)).  Nevertheless, "[i]f disputed factual issues material to summary judgment are present, the district court's denial of summary judgment on the basis of immunity is not appealable."  **Jones v. City of Jackson**, 203 F.3d 875, 878 (5th Cir. 2000) (quoting **Lampkin v. City of Nacogdoches**, 7 F.3d 430, 431 (5th Cir. 1993)).  After a careful review of the entire record, we believe the district court correctly concluded that there is a genuine issue of material fact regarding Pandy Aleman's conduct.  Therefore, we DISMISS for lack of jurisdiction Pandy Aleman's appeal from the denial of summary judgment on qualified immunity grounds.

4